STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Boutin PRD Amendment | } | Docket No. 93-4-06 Vtec |
| (Appeal of Boutin) | } |  |
|  | } |  |

Decision and Order on Motion for Reconsideration

Appellant-Applicants Steve and Courtney Boutin appealed from a decision of the Development Review Board (DRB) of the Town of Fletcher denying their application to amend a Planned Residential Development (PRD). Appellant-Applicants are represented by Jon T. Anderson, Esq.; Interested Person John Koval represents himself; and the Town is represented by Vincent A. Paradis, Esq. and Chad V. Bonanni, Esq.

The Court ruled on summary judgment in favor of the Town, granting summary judgment on Question 2 of the Statement of Questions that the restriction in the PRD's approval waiving development rights to construct on Lot 6 "until future amendment of the zoning district density may provide for additional development of the tract" has not expired by its terms. Appellant-Applicants have moved for reconsideration.

As noted in the decision on motions following the Superior Court's summary judgment decision in Stacey v. Capitol City Press, Inc., Docket No. 482-8-02 Wncv (Wash. Super. Ct., June 10, 2004), "'[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.' Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665 (N.D.Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984))."

A motion for reconsideration of a summary judgment decision should not be used "to rehash arguments previously raised [to] and rejected by the court." See Duane v.

1

Spaulding and Rogers Mfg. Inc., 1994 WL 494651, *2 (N.D.N.Y.,1994). As in that case, it may be "readily apparent from [a] reconsideration motion . . . that the [moving parties] and the court disagree," nevertheless, "that disagreement [may] not, in the court's view, rise to the level of a 'clear error of law' or 'manifest injustice.'" Id.

In the present appeal, this Court has reexamined the February 12, 2007 summary judgment decision in light of Appellants' reconsideration arguments, and declines to make any changes in that decision.

As fully analyzed in that decision, Appellants' proposal to develop Lot 6 of the existing PRD could only be considered by the DRB if the zoning district density has been amended to provide for additional development of the tract. Under the current 2002 Zoning Bylaws, "[e]ach dwelling unit shall constitute a separate unit for purposes of calculating density," Bylaws §7.2, and the "total number of dwelling units [in a PRD] shall not exceed that which would be permitted in the DRB's judgment, if the parcel were subdivided into buildable lots in conformance with the district minimum lot area requirement for single-family dwellings," Bylaws §5.5(B)(2). Thus, notwithstanding that the 2002 Bylaws now allow duplexes in this zoning district, the number of dwelling units allowed in this PRD has not changed (from when only single-family dwellings were allowed in the district) because the number of dwelling units allowed in the PRD is still measured by the number of single-family lots that would be allowed if the property were subdivided.

In support of reconsideration, Appellants make two new arguments that they did not make in the original summary judgment proceedings, although both could have been raised at that time. First, they argue that because the 2002 Bylaws also allow for accessory dwelling units in this zoning district, the Court should interpret that provision as an amendment to the zoning district density (thereby allowing for additional development of Lot 6). However, accessory dwelling units are required by state law to be allowed "within

2

or appurtenant to an owner-occupied single-family dwelling," 24 V.S.A. §4412(1)(E) (2004), now as a permitted use, and under the former statute (§4406(4)(D)) either a permitted or a conditional use, with additional restrictions requiring the accessory unit to be occupied by a relative of the owner or a disabled or elderly person. The provision in the 2002 Bylaws allowing such units as a conditional use merely implemented that state law, as well as allowing detached accessory dwellings "for use as a guest house or cottage;" it did not change the density requirements in the district. Rather, the 2002 Bylaws required that the single-family residential lot proposed for an accessory dwelling "must meet all current density, dimensional and other requirements for the district in which it is located." 2002 Bylaws §4.1(A)(1). In fact, it precluded subdivision of the accessory unit as a separate lot unless it "meets all existing municipal and state regulations applying to single family dwellings, including all density, dimensional and other requirements for the district in which it is located." 2002 Bylaws §4.1(A)(5).

Second, Appellants argue that this Court lacks jurisdiction to analyze the condition at issue in this appeal, because the language appears in the deed to the property. However, not only is the development restriction contained in the restrictive covenant in the deed, but, as discussed in the Court's decision, it became a condition to the May 16, 1990 default approval of the PRD, because it was proposed by the Appellants' predecessor, the then-applicant, as part of the application. Thus the Court is not called upon to interpret the language of the deed itself, but rather to interpret the language of a condition proposed by the then-applicant to meet the requirements of §780(c)(3) and (5) of the 1981 By-Laws governing PRDs (and to avoid an alternative condition that Lot 6 "never" be developed).

Litigants must bear in mind, when presenting motions for summary judgment to a court, that a motion to reconsider "is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments which [the moving party] could have made but neglected to make before judgment." McDowell Oil

3

Service, Inc. v. Interstate Fire and Cas. Co., 817 F.Supp. 538, 541 (M.D.Pa. 1993) (internal quotations and citation omitted); see also Caisse Nationale, 90 F.3d at 1270 (a party may not wait for reconsideration to "wheel out all its artillery") (quoting Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, 846 F.Supp. 677, 685 (N.D.Ill. 1994)).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' Motion for Reconsideration is DENIED. This decision appears to the Court to conclude this appeal and therefore a judgment order is enclosed to be issued effective May 24, 2007, unless Appellant-Applicants file a request in writing with the Court by noon on May 24, 2007, to proceed with Question 1 of the Statement of Questions.

Done at Berlin, Vermont, this 18th day of May, 2007.


_____
Merideth Wright
Environmental Judge

4